Afshin SAHIMI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 02–74356.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Afshin Sahimi, Encino, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Afshin Sahimi, a native of Iran and citizen of Israel, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applica-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review whether Sahimi has demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), as well as whether the BIA improperly streamlined this appeal in which only the hardship element, a discretionary factor, is in dispute, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852–55 (9th Cir.2003).

Sahimi's contention that his due process rights were violated when the IJ "failed to consider the pertinent testimony and documentary evidence submitted," mistook facts and misapplied the law, is not supported by the record and therefore does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED.**